Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MIHELICH,<br><br>Plaintiff,<br><br>vs.<br><br>HSW FINANCIAL RECOVERY, LLC<br><br>Defendant. | Case No. SACV10-01442 AG (AGRx)<br><br>FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND INVASION OF PRIVACY, AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts, intentional infliction of emotional distress and negligent infliction of emotional distress.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

## III. PARTIES

3. Plaintiff, John Mihelich ("Plaintiff"), is a natural person residing in Orange County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, HSW Financial Recovery, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. In March 2010, Defendant contacted Plaintiff in connection with an attempt to collect an alleged debt owed by Plaintiff.

8. On more than one occasion, Defendant threatened, harassed and used profanity towards Plaintiff in an attempt to collect a debt.

9. On more than one occasion, Defendant threatened that non-payment of the alleged debt would result in a legal action against Plaintiff and that Defendant would take everything Plaintiff had to get what was owed to them.

10. On more than one occasion, Defendant has threatened to take all of Plaintiff's possessions and throw Plaintiff in jail to satisfy the debt.

11. On more than one occasion Defendant has contacted Plaintiff at a number associated with his work, despite being told that calls to his work phone number were against the policy of his employer.

12. Defendant contacted Plaintiff's co-workers, third parties to the action, more than once, and for purposes beyond obtaining location information.

13. Defendant has reported or threatened to report the alleged debt on Plaintiff's credit report for failure to pay the alleged debt.

14. Defendant claims Plaintiff owes a debt regarding an alleged business agreement with Key Equipment Finance. Defendant has failed to provide a copy of the alleged agreement to Plaintiff. Plaintiff has no knowledge of a business agreement with Defendant or with Key Equipment Finance.

15. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including, but not limited to:

   a) Falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff (§1692e(7));
   b) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §178811(b));
   c) Threatening that the failure by Plaintiff to pay Plaintiffs consumer debt will result in an accusation that Plaintiff had committed a crime, where such accusation is false (Cal Civ Code §1788.10(b));
   d) Communicating, or threatening to communicate to a third party the fact that Plaintiff has engaged in conduct, other than the failure to pay a consumer debt, which Defendant knew or had reason to know would defame the debtor (Cal Civ Code §1788.10(c));
   e) Threatening Plaintiff to sell or assign Plaintiffs obligation to another person, and threatening that the result of such sale or assignment would be that Plaintiff would lose a defense to the consumer debt (Cal Civ Code §1788.10(d))
   f) Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

g) Communicating with a debtor in the name of an attorney or counselor at law or upon stationery or like written instruments bearing the name of the attorney or counselor at law, where such communication is not by an attorney or counselor at law or would not have been approved or authorized by such attorney or counselor at law (Cal Civ Code §1788.13(c));

h) Representing that Defendant is vouched for, bonded by, affiliated with, or is an instrumentality, agent or official of any federal, state or local government or any agency of federal, state or local government, where Defendant is not actually employed by the particular governmental agency in question or is not acting on behalf of such agency with respect to Plaintiff (Cal Civ Code §1788.13(d));

i) Falsely representing that Plaintiffs debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges, where, in fact, such fees or charges could not legally have been added to the existing obligation (Cal Civ Code §1788.13(e));

j) Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

k) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening (§1692e(5));

l) Using Plaintiff, or distributing to Plaintiff, a written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval (§1692e(9));

m) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10)

n) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication

was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));
o) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));
p) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b))
q) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§ 1692b(1) & §1692c(b));
r) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b))
s) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b));
t) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §178811(b));
u) Causing an expense to Plaintiff for long distance telephone calls, telegram fees or charges for other similar communications, by misrepresenting to Plaintiff the purpose of such telephone call, telegram or similar communication (Cal Civ Code §1788.1(c));
v) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d)); and
w) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)).

15.     Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a

reasonable person.  Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

16. Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern.  Defendant's disclosures were highly offensive to a reasonable person.

17. Defendant's aforementioned actions constitute intentional affliction of emotional distress.  The outrageous conduct by the Defendant and Defendant's intention of causing or reckless disregard of the probability of causing emotional distress were the actual and proximate causation of the Plaintiff's severe emotional distress.  Defendant knowingly and repeatedly threatened Plaintiff regarding an account that is not his.  Defendant repeatedly threatened Plaintiff with jail, threatened to take everything he owned, contacted third parties regarding Plaintiff's alleged debt, and contacted Plaintiff at work when they knew he was not allowed to take calls at work.

18. Defendant's aforementioned actions constitute a negligent infliction of emotional distress. Defendant repeatedly contacted and threatened Plaintiff regarding an account that was paid in full.  Plaintiff suffered serious emotional distress, due to the constant calls from Defendant, the threats of jail, and the

threats of losing everything he owns. Defendant's negligent conduct or willful violation of statutory standards was a cause of the serious emotional distress.

19. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

23. Plaintiff reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Actual damages

    B.    Punitive Damages; and,

    C.    For such other and further relief as may be just and proper.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff reincorporates by reference all of the preceding paragraphs.

25. To the extent that Defendant's actions, counted above, inflicted emotional distress on Plaintiff, whether those actions were done knowingly and willfully or unintentionally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Actual damages;

    B.    Statutory damages for willful and negligent violations;

    C.    Costs and reasonable attorney's fees,

    D.    For such other and further relief as may be just and proper.

## COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff reincorporates by reference all of the preceding paragraphs.

27. To the extent that Defendant's actions, counted above, inflicted emotional distress on Plaintiff, whether those actions were done knowingly and willfully or unintentionally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Actual damages;

B.   Statutory damages for willful and negligent violations;

C.   Costs and reasonable attorney's fees,

D.   For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 1st day of November, 2010.

By: _____
**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**